### HICKERSON & MESSERLEY vs BENSON, WORKMAN & McCAULEY.

Although it is well settled, that, if one declares his dissent from an illegal wager before the event happens on which the wager depends, he may recover back his money or property, yet the rule must be attended with some qualifications for the prevention of fraud, as where the loss of the party may be foreseen with a moral certainty. Therefore, where A., on the 12th November, 1840, bet with B. that W. H. H. would receive, for president of the United States, thirty electoral votes more than M. V. B., and B., on the 23d December following, notified A. of his intention to rescind the contract, it was held, that an action to recover the property wagered could not be maintained by B.

### ERROR to Howard Circuit Court.

CLARK and BELT, *for Plaintiffs.*

1. The court erred in refusing to give plaintiffs' first instruction.— See Chitty on Contracts, 4 Amer. edit., pp. 527, 8, and authorities there collected; Watkins *vs.* Stockels' Administrator, 6 Har. and John., 436; Brogden *vs.* Walker, 2 Har. and John., 292.

2. The court erred in refusing second instruction of plaintiffs.—See Lowry *vs.* Bourdien, 2 Doug., 470; Williams *vs.* Headly, 8 East, 380, (note A.); Tappenden *vs.* Randall, 2 B. and P., 467; Busk *vs.* Walsh, 4 Taun., 290; Denniston *vs.* Cook, 12 John., 376.

3. The court erred in refusing third instruction asked by plaintiffs.— See Denniston *vs.* Cook, 12 John., 376, and laws United States, first March, 1792, whereby Congress is required to be in session second Monday of February every fourth year. Votes to be counted, and election of president ascertained.

4. The court erred in refusing the fourth instruction asked by plaintiffs.— See Rev. Code, 290, sec. 1, 3; 4 Mo. Rep., Shropshire *vs.* Glascock and Garner, 536; 4 Mo. Rep., 599, Boynton *vs.* Curle.

5. The court erred in refusing fifth instruction asked by plaintiff.—Busk *vs.* Walsh, 4 Taun., 290; Lowry *vs.* Bourdien, 2 Doug., 470; Tappenden *vs.* Randall, 2 B. and P., 467.

DAVIS, *for Defendants in Error.*

Referred to the following authorities: 8 John. Rep., 147; 4 do., 426; 12 John. Rep., 1 and 376; 9 Cowen, 169, note A; a general review of all the cases, English and American; 11 John., 28; Vischer *vs.* Yates, by Kent.

As to wagers void at common law, and those made so by statute, see 3 Wend., 494, McKehon *vs.* Caherty.

NAPTON, J., *delivered the opinion of the Court.*

The record of this case presents substantially the same points which the court has determined in the case of Hickerson *vs.* Workman and Benson, decided at the present term.

The wager, in the present case, was made on the 12th November, 1840, and was, that W. H. Harrison would receive, for president of the United States, thirty electoral votes more than Martin Van Buren.

On the trial, the court was called upon to say, that, until the first day of January, 1841, Hickerson had a right to rescind the contract. This is the only point in which it varies from the case of Hickerson *vs.* Benson & Workman, and for this refusal of the court so to instruct the jury, the plaintiffs ask a reversal of the judgment. The case of Rust *vs.* Gott (9 Cowen, 171,) is relied on, to sustain the position, that until the votes have been canvassed by the highest authority, and the result is officially announced, it cannot be known *legally* who is elected, and therefore, where a bet is made on the final result of an election, either party may rescind before that result has been thus legally and officially ascertained. There is nothing, however, in that case to warrant such a conclusion. It was an action by the winner against the stakeholder, after the stakeholder had returned the note to the maker. The court would not allow a recovery, on the ground, that the wager was illegal, and against the policy of the law, *though made subsequently to the election.* The tendency of such bets made after the election, but before the result was legally ascertained, was held to be equally pernicious and immoral with those made anterior to the election.

But the court did not undertake to determine whether the loser could have recovered against the stakeholder if he had refused to give up his note.

This case falls within the general principle asserted by Chief Justice Mansfield, in the case of Aubert *vs.* Walsh, 3 Taun., 284. After the contract is executed, the property or money delivered, and the risk determined, a losing party is not at liberty then to rescind : his repentance comes too late ; the offence against the policy of the law has been consummated, and there is no motive to induce a court of justice to interfere between the parties.

It must be admitted, that the ancient rule on the subject of illegal wagers, not permitting the parties to such contracts to have the aid of the law to help them out of their difficulties, appears the most reasonable, and the least objectionable. The law, however, is now well settled, that if a man declares his dissent from an illegal wager, before the event happens, he may recover back his money. But this rule must be attended with some qualifications, otherwise it would open the way to the grossest fraud. If, for example, a wager is made, that A. will live ten years, and at the end of nine years eleven months and twenty-nine days A. is still alive, and the party betting that A. would not live the ten years gives notice that he withdraws his bet, would this be within the spirit and meaning of the rule?

.. The risk has not determined, the event has not happened, *but the value of the risk is greatly altered.* To allow a recision of the bargain in such a case, and permit the gambler, who foresees his loss with a moral certainty, to withdraw his

# JULY TERM, 1843.                    13

*Hickerson & Messerley vs Benson, Workman & McCauley — Stapleton vs. Benson.*

bet, through the aid of the law, would be a perversion of the first principles of justice, and making a court the instrument of encouraging fraud. After the relative condition and chance of the two parties has materially changed, the ancient rule of *potior conditio defendentis* must prevail.

It can hardly be doubted but in this case Hickerson, the plaintiff, on the 23d day of December, was fully aware that he had lost his wager.

The refusal of the court to instruct the jury, that he had until the first day of January to recall the bet, was, then, no error.

· Judgment affirmed.

TOMPKINS, J.—I dissent. ·